STATE OF LOUISIANA                          NO. 24-K-502

VERSUS                                      FIFTH CIRCUIT

BYRON FRANKLIN                              COURT OF APPEAL

                                            STATE OF LOUISIANA

November 22, 2024

Linda Wiseman
First Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

**IN RE** STATE OF LOUISIANA

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE RAYMOND S. STEIB, JR., DIVISION "A", NUMBER 22-822

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and John J. Molaison, Jr.

## WRIT GRANTED, IN PART; DENIED, IN PART

On February 22, 2022, the Jefferson Parish District Attorney's Office ("the State") charged the defendant/respondent, Byron Franklin, with one count of manslaughter in violation of La. R.S. 14:31. On March 27, 2024, the State filed a "Motion for Hearing on Admissibility Under Article 704" related to the testimony of proposed defense expert Charles "Scott" Courrege. The court was asked to determine the acceptable parameters of Mr. Courrege's potential testimony, including whether he should be qualified and accepted as an expert witness at trial.

After a hearing on April 30, 2024, the court determined that it would potentially allow Mr. Courrege to testify that the victim's actions in this case created a reasonable fear of imminent threat of danger or bodily harm. However, Mr. Courrege would not be allowed to testify that the victim's actions justified Mr. Franklin's use of deadly force. The court also found it permissible for Mr. Courrege to opine that the three shots fired by Mr. Franklin at the victim should be considered as one action. On October 10, 2024, during a separate motion on the State's proposed jury charges, the court clarified that Mr. Courrege could testify, based on his review of the evidence, whether the victim's actions would have created a fear of bodily harm for a reasonable person. Still, Mr. Courrege will not be allowed to testify whether deadly force was reasonable or justifiable under those circumstances. This timely writ application by the State followed.

The State contends that the trial court's ruling will allow Mr. Courrege to give the jury an opinion of Mr. Franklin's innocence. Conversely, Mr. Franklin argues that Mr. Courrege's proposed testimony does not violate La. C.E. art. 704

because his findings of fear apply to a "reasonable person" and not to Mr. Franklin specifically.

*Reasonable belief*

The context of Mr. Courrege's proposed testimony is La. R.S. 14:20, which provides in part that a homicide is justifiable "[w]hen committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger." However, there is no uniform definition of what is "reasonable." As observed by the court in *State v. Coutee*, 22-665 (La. App. 3 Cir. 10/25/23), 373 So.3d 486, 493, *writ granted*, 23-01549 (La. 6/25/24), 386 So.3d 1076:

> Because La. R.S. 14:20 requires that the use of force be reasonable, every case must be assessed on its own facts; a blanket pronouncement regarding reasonableness must be limited to the facts of the case in which it was decided.

Here, Mr. Courrege's testimony would be based on a finding of "reasonableness" specific to this case.

In considering a defendant's claim of self-defense argued at trial, this Court has previously observed:

> The determination of a defendant's culpability rests on a two-fold test: 1) whether, given the facts presented, the defendant could reasonably have believed his life to be in imminent danger; and 2) whether deadly force was necessary to prevent the danger. The jury is the ultimate fact-finder in determining whether a defendant proved his condition and whether the State negated the defense beyond a reasonable doubt. *State v. Theriot*, 963 So.2d at 1020.

*State v. King*, 11-767 (La. App. 5 Cir. 2/28/12), 88 So.3d 1147, 1153, *writ denied*, 12-0660 (La. 9/14/12), 99 So.3d 35, citing *State v. Theriot*, 07–71 (La. App. 5 Cir. 6/26/07), 963 So.2d 1012, 1020, *writ denied*, 07-1598 (La. 2/1/08), 976 So.2d 715. In the recent case of *State v. Lopez*, 23-335 (La. App. 5 Cir. 8/21/24), we again observed that a determination of whether a defendant had a reasonable belief that his life was in jeopardy, in the context of a self-defense claim, was within the purview of the jury. In *State v. Stucke*, 419 So.2d 939, 945 (La. 1982), the Louisiana Supreme Court stated that "the test of admissibility is often predicated upon the proposition that opinion evidence cannot usurp the functions of the jury or be received if it touches the very issue before the jury."

*An expert witness's role*

Another consideration is whether Mr. Courrege's testimony would otherwise be helpful to the jury. The purpose of an expert witness in a criminal case is to provide the jurors with a basis of knowledge and background information on a subject. *State v. Myles*, 04-434 (La. App. 5 Cir. 10/12/04), 887 So.2d 118, 125. The admissibility of expert testimony is governed by La. C.E. art. 702, which states if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto

in the form of an opinion or otherwise." *State v. Bozeman*, 06-679 (La. App. 5 Cir. 1/30/07), 951 So.2d 1171, 1174.

Other cases have found that expert testimony is generally unnecessary when a jury's standard in judging such evidence is within their training and experience. *State v. Young*, 09-1177 (La. 4/5/10), 35 So.3d 1042, 1047, *cert. denied*, 563 U.S. 1044, 131 S.Ct. 597, 178 L.Ed.2d 434 (2010). For example, in *State v. Marlowe*, 10-1116 (La. App. 4 Cir. 12/22/11), 81 So.3d 944, *writ denied*, 12-231 (La. 5/18/12), 89 So.3d 1191, the Fourth Circuit held that the trial court did not abuse its discretion in excluding expert testimony concerning use of force in lethal and non-lethal encounters after a *Daubert*[1] hearing, upon finding that the expert's testimony would not assist jury as finder of fact to understand or determine facts of whether defendant acted in self-defense but would serve only to bolster the defendant's credibility. In *State v. Sly*, 23-60 (La. App. 5 Cir. 11/2/23), 376 So.3d 1047, 1075, *writ denied*, 23-01588 (La. 4/23/24), 383 So.3d 608, citing *State v. Hidalgo*, 95-319 (La. App. 5 Cir. 1/17/96), 668 So.2d 1188, we observed that a jury was perfectly capable of determining whether the act of a victim "would not have placed a reasonable person in fear of death or great bodily harm."

For the purposes of analyzing the court's ruling, it is problematic that it is not clear what Mr. Courrege's proposed area of expertise will be. It also places us at a disadvantage that his methodology has not yet been made the subject of a *Daubert* hearing. Without more, we are called to rule on a somewhat abstract question of whether a presumed expert, using accepted methods, can give an opinion of whether a "reasonable person" would have been in fear for his life under the exact facts presented in this case. The trial court correctly referenced the guidelines of La. C.E. art. 704, which provides that "in a criminal case, an expert witness shall not express an opinion as to the guilt or innocence of the accused." However, as discussed above, the finding of "reasonableness" in this case falls to the trier of fact alone. Also, based on the application before us, Mr. Courrege's proposed testimony would not necessarily provide knowledge and background information to a jury that it did not already possess. There is no evidence here to support the conclusion that a juror requires an expert's opinion to help form an assessment of whether certain circumstances would lead a person to conclude that their life was in danger reasonably.

*Conclusion*

For the reasons stated, the trial court erred in ruling that Mr. Courrege, if he is qualified as an expert at trial, can give an opinion on whether the victim's actions created reasonable fear for a generic person. We find no error in the portion of the trial court's ruling that the State does not challenge regarding three shots fired being considered a single act. For the preceding reasons, the State's writ application is granted in part and denied in part.

Gretna, Louisiana, this 22nd day of November, 2024.

**JJM**
**SMC**

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

STATE OF LOUISIANA                                    NO. 24-K-502

VERSUS                                               FIFTH CIRCUIT

BYRON FRANKLIN                                       COURT OF APPEAL

                                                     STATE OF LOUISIANA

**JOHNSON, J., DISSENTS WITH REASONS**

I, respectfully, dissent from the majority disposition in this matter. The trial court found that Defendant's witness, Charles "Scott" Courrege, if qualified as an expert at trial, can testify as to whether the victim's actions would have created a fear of bodily harm for a reasonable person, based on his review of the evidence. For the following reasons, I would uphold the trial court's ruling.

The purpose of an expert witness in a criminal case is to provide the jurors with a basis of knowledge and background information on a subject. *State v. Lloyd*, 21-645 (La. App. 5 Cir. 8/24/22), 348 So.3d 222, 241, *writ denied*, 22-1354 (La. 11/22/22), 350 So.3d 499, *reconsideration not considered*, 22-1354 (La. 2/14/23), 354 So.3d 1220. The jury as the ultimate fact-finder should relate background knowledge received from the expert to the facts established by the evidence at trial and make a determination of the defendant's guilt. *Id.*

At the time the ruling was made, La. C.E. art. 702(A) provided:

A. A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(1) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(2) The testimony is based on sufficient facts or data;
(3) The testimony is the product of reliable principles and methods; and
(4) The expert has reliably applied the principles and methods to the facts of the case.

La. C.E. art. 704 provides, "Testimony in the form of an opinion or inference otherwise admissible is not to be excluded solely because it embraces

24-K-502

an ultimate issue to be decided by the trier of fact. However, in a criminal case, an expert witness shall not express an opinion as to the guilt or innocence of the accused." This prohibition applies even if the opinion is solicited through the presentation of a hypothetical situation. *Lloyd*, *supra*. The fact that an opinion or inference embraces an ultimate issue in a case does not preclude its admissibility. La. C.E. art. 704, Comment (c); *State v. King*, 99-1279 (La. App. 5 Cir. 4/25/00), 760 So.2d 540, 543, *writs denied*, 00-1452, 00-1498 (La. 3/16/01), 787 So.2d 298. The trial judge is vested with broad discretion in determining the scope of expert testimony. *State v. Achelles*, 16-170 (La. App. 5 Cir. 12/21/16), 208 So.3d 1068, 1077. The trial court's decision to admit or exclude expert testimony is subject to the abuse of discretion standard. *State v. Thompson*, 22-497 (La. App. 5 Cir. 1/18/23), 356 So.3d 1185, 1190.

> La. R.S. 14:20 provides in pertinent part that a homicide is justifiable:
>
> (1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger.
>
> (2) When committed for the purpose of preventing a violent or forcible felony involving danger to life or of great bodily harm by one who reasonably believes that such an offense is about to be committed and that such action is necessary for its prevention. The circumstances must be sufficient to excite the fear of a reasonable person that there would be serious danger to his own life or person if he attempted to prevent the felony without the killing.

When a defendant in a homicide prosecution claims self-defense, the burden is on the State to prove beyond a reasonable doubt that the defendant did not act in self-defense. Factors to consider in determining whether a defendant had a reasonable belief that the killing was necessary include the excitement and confusion of the situation, the possibility of using force or violence short of killing, and the defendant's knowledge of the assailant's bad character. The determination of a defendant's culpability rests on a two-fold test: (1) whether, given the facts presented, the defendant could reasonably have believed his life to be in imminent

2

danger; and (2) whether deadly force was necessary to prevent the danger. The jury is the ultimate fact-finder in determining whether the State negated self-defense beyond a reasonable doubt. *State v. Sly*, 23-60 (La. App. 5 Cir. 11/2/23), 376 So.3d 1047, 1073-74, *writ denied*, 23-1588 (La. 4/23/24), 383 So.3d 608.

For guidance, I turn to the United States Supreme Court's ruling in *Diaz v. United States*, 602 U.S. ---, 144 S.Ct. 1727, 1728, 219 L.Ed.2d 240 (2024). In *Diaz*, the petitioner was stopped at a port of entry on the U.S. - Mexico border. A search of her car resulted in the discovery of over 54 lbs. of methamphetamine hidden in the vehicle. Diaz was charged with importing methamphetamine in violation of 21 U.S.C. § 952 and § 960, both which required the Government to prove that Diaz "knowingly" transported the drugs. As her defense, Diaz claimed not to know the drugs were hidden in the car. To rebut her claim, the Government intended to call a Homeland Security Investigations Special Agent as an expert witness to testify that "drug traffickers generally do not entrust large quantities of drugs to people who are unaware they are transporting them." Diaz objected in a pre-trial motion under Fed. R. Evid. 704(b),[2] and the court ruled that the agent could not testify in absolute terms about whether all couriers knowingly transport drugs but could testify that most know they are. The agent testified accordingly at trial, and Diaz was found guilty. Diaz appealed, and the court of appeals held that because the agent did not explicitly point out that Diaz knowingly transported the drugs, his testimony did not violate Fed. R. Evid. 704(b). The Supreme Court found that the agent's opinion about the knowledge of most drug couriers did not necessarily describe Diaz's mental state. It stated that because the agent did not opine on whether Diaz, herself, knowingly

---

[2] Fed. R. Evid. 704 provides:

**(a) In General--Not Automatically Objectionable.** An opinion is not objectionable just because it embraces an ultimate issue.

**(b) Exception.** In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone.

3

transported the drugs, the agent's testimony did not violate Fed. R. Evid. 704(b). The court noted that the agent asserted that Diaz was a part of a group of persons that "may or may not" have a particular mental state and that the ultimate issue of Diaz's mental state was left to the jury's judgment. The Supreme Court affirmed the appellate court's decision. *Id.* at 1728.

In the instant matter, the trial court ruled that Mr. Courrege could not testify that Defendant's use of deadly force was reasonable or justifiable. However, the trial court found that Mr. Courrege could testify that, based upon his review of the videos, that the body language of the victim and others in his party would have created a fear of bodily harm for a reasonable person. The anticipated testimony would be distinguishable from testimony that opines Defendant was reasonable in his actions. The trial court has limited Mr. Courrege's testimony as to reasonableness under the circumstances. Notwithstanding Mr. Courrege's testimony, the jury would still have to determine whether Defendant was reasonable in using deadly force on the victim, given the other circumstances, evidence and testimony that will presumably be presented at trial. While an opinion on reasonableness under the circumstances presented may embrace the ultimate issue of self-defense, I find that it does not preclude its admissibility, as Mr. Courrege will be prohibited from testifying that Defendant's use of deadly force was reasonable or justifiable. As such, I find that the anticipated testimony permitted by the trial court would not violate La. C.E. art. 704, as it is not an expression as to the guilt or innocence of the accused.

Accordingly, I would deny the writ application and find the trial court did not abuse its discretion in ruling that Mr. Courrege could testify as to the reasonableness of the fear created by the body language of the victim and others in this matter.

**MEJ**

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **11/22/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

**24-K-502**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Hon. Raymond S. Steib, Jr. (DISTRICT JUDGE)
Davidson S. Ehle, III (Respondent)          Thomas J. Butler (Relator)
                                            Darren A. Allemand (Relator)

### MAILED

Joseph A. Marino, III (Respondent)          Honorable Paul D. Connick, Jr. (Relator)
Attorney at Law                             District Attorney
501 Derbigny Street                         Twenty-Fourth Judicial District
Gretna, LA 70053                            200 Derbigny Street
                                            Gretna, LA 70053